SILER, Circuit Judge,
dissenting.
As the majority opinion states, this matter was previously remanded to the district court for consideration of qualified immunity after discovery. The evidence was inconclusive as to what Sgt. William Richardson had learned from the dispatcher before he responded. In a deposition, Richardson testified that the dispatcher said that she had received an anonymous phone call. Later, however, he filed an affidavit that he did not remember if he was told by the dispatcher that the call was from an anonymous source. Therefore, for purposes of summary judgment, we review the evidence in the light most favorable to the non-movant, Srisavath. See Swiecicki v. Delgado, 463 F.3d 489, 497 (6th Cir.2006). Under that scenario, we assume that Richardson knew that the source was anonymous.
Nevertheless, as I stated in the previous dissent, the actions of Richardson were not objectively unreasonable. “[T]he question is whether ‘any officer in the defendant’s position measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct.’ ” Adams v. Metiva, 31 F.3d 375, 386 (6th Cir.1994). Several factors weigh in favor of Richardson’s determination that he had a reasonable suspicion to stop the car in which Srisavath was traveling: the time of night, the high number of auto burglaries in the area, and the absence of other cars in the parking lot of the hotel. As Srisavath’s car was the only one moving in the vicinity, Richardson was fully justified in making the investigatory stop. Officers who react to tips have to move fast, or else the suspects will be out of sight.
Even the courts have disagreed on whether Richardson’s conduct was objectively reasonable. For instance, the Tennessee trial court found no constitutional fault with the stop in question, although it was later reversed by the Tennessee Court of Criminal Appeals, which ruled that “The issue is close.” Therefore, like this court in Feathers v. Aey, 319 F.3d 843 (6th Cir.2003), I would find that Sgt. Richardson acted objectively reasonable in conducting the investigative stop and is entitled to qualified immunity.